MARY S. SAVAGE *vs.* AGNES N. HOGAN ET AL. .

MALTBIE, C. J., HAINES, HINMAN, BANKS and AVERY, Js.

Argued March 10th—decided April 18th, 1933.

*John P. Harbison,* for the appellant (plaintiff).

*Warren Maxwell,* for the appellees (defendants).

PER CURIAM. The plaintiff brought this action to recover damages suffered by reason of being struck by an automobile owned by one, and operated by the other, defendant and from a judgment in their favor she has appealed. Briefly stated, the findings of the trial court are as follows: The accident occurred in front of the Colonial Theatre, which is located upon the north side of Farmington Avenue in Hartford; the plaintiff lived almost directly across the avenue from the theatre; she left it about ten o'clock at night, crossed the sidewalk in front of it, stepped off the curb close to the front of a parked automobile and proceeded to cross the street at a moderate gait; before she stepped off the curb she looked east and west, but at no time thereafter did she again look to the east; she was struck when she was about midway between the parked car and the nearest rail of double trolley tracks which run through the center of the avenue; she was familiar with the location and knew that the

avenue at this point is a congested thoroughfare; the defendants' automobile was proceeding westerly between cars parked along the curb and the nearest rail of the trolley tracks at a speed of from ten to thirteen miles an hour, with its headlights properly functioning; the plaintiff did not emerge into the driver's line of vision until he was within ten or twelve feet of her; at that moment his attention was momentarily distracted by a car coming easterly on the avenue and passing another car which was pulling out from the south curb of the avenue about opposite the theatre; he first saw the plaintiff when she was two or three feet in front of his car; he immediately applied his brakes and swung to the left, but the front right corner of his car struck her; he stopped his car within less than three feet after the collision. The trial court reached the conclusion that the defendant was not negligent and the plaintiff was guilty of contributory negligence.

The plaintiff seeks many additions to and changes in the finding, but they cannot be made. The only one requiring comment is the attempt to substitute for the finding of the trial court that the plaintiff did not look to the east to see if traffic was approaching from the time she stepped off the curb into the street, one to the effect that she looked again when she came to a point in the street where her vision was not obstructed by the parked car. The plaintiff's own testimony in regard to this matter is somewhat confused, and while the correction sought finds support in the testimony of her two daughters who were sitting at the window of her home across the street, it is opposed by the testimony of a wholly disinterested bystander who said that he did not see her look for traffic, although he was watching her as she came into the street at the outer side of the parked car, and by the entirely

reasonable inference which the court might draw from her testimony that she at no time saw the defendant's car, although had she looked when she came to the outer side of the parked car it must have been clearly within her vision. The finding must stand as made and upon the facts so found the conclusions of the trial court were entirely reasonable.

There is no error.