HOEY·et ux. v. SOLT.

No. 12199.

Court of Civil Appeals of Texas.
San Antonio.

Jan. 10, 1951.

Rehearing Dismissed Jan. 31, 1951.

Lang, Byrd, Cross & Ladon, San Antonio, for appellants.

Brewer, Matthews, Nowlin & Macfarlane, Clinton G. Brown, Jr., San Antonio, for appellee.

NORVELL, Justice.

This is an automobile collision case. Trial was to a jury and judgment rendered for the defendant, Clinton A. Solt, upon findings that the action of the driver of a third automobile in crowding defendant from the right was the sole proximate cause of the collision between the automobile of the defendant and that of the plaintiffs. For lack of a better designation, we shall refer to this person as the "third driver." His identity was never established. The jury first found the defendant guilty of negligence proximately causing the collision and also found that the action of the third driver was the sole proximate cause of the collision. Upon being informed by the trial court that the findings were conflicting, the jury reconsidered their verdict and returned a finding that the action of the third driver was the sole proximate cause of the collision and refused to find that defendant was negligent. The plaintiffs moved the court to render judgment in their favor for the sum of $3,500, the amount of damages proximately resulting to them on account of the collision, according to the jury's findings.

This motion was based upon the theory that defendant was guilty of negligence proximately causing the collision as a matter of law, and that there was *no evidence* that the action of the third driver was the sole proximate cause of the collision. The action of the court in overruling this motion is presented as error by appellants' first point.

For all practical purposes, the parties are agreed as to the law and facts of this case. About nine o'clock in the evening of April 1, 1949, the plaintiffs, Mr. and Mrs. Leo Fred Hoey, were travelling in a Ford car in a northerly direction along Broadway in San Antonio, Texas. Upon arriving at the intersection of Broadway and Army Boulevard, they stopped their car, as the traffic signal at the intersection displayed a red light, halting all north and south bound traffic. While plaintiffs were waiting for the signal light to turn green, their car was struck violently from the rear by another Ford automobile driven by the defendant, Clinton A. Solt.

Mr. Solt testified as follows: "I didn't see it (the Hoey car). I just didn't see it. I was not looking at it. I didn't see it until I hit, in other words. * * * It (the traffic signal light at Broadway and Army Boulevard) must have been a new light. I don't ever recall having seen it. And then, as I was coming along, someone on the right (the third driver) was crowding me a little bit, the car coming to the right, and it looked like he was trying to cross in front of me and I was watching him, watching the car to the right, and he was getting a little closer and a little closer, and I just looked too long to the side. That is all there was to it, and the next thing was the impact. * * * I said (to Hoey), 'Well, I sure didn't see you.' I said, 'It was sure a fool thing to do. I just purely didn't see you, that is all.'"

Solt also testified that there was nothing ahead of him to prevent his seeing the Hoey car, which was stopped in front of him waiting on the light; that the car of the third driver on his right hand had proceeded along in a northerly direction to the right and approximately parallel to his car for a block or block and a half; that he

could have slowed down so as to let this car get ahead of him, had he so desired, but that he drove along looking at this other car and ran into the back of the Hoey automobile.

It is accurately stated in defendant's brief that "the plaintiffs take the position that since the evidence was undisputed to the effect that the defendant ran 'smack-dab' into the back end of plaintiff's car at a time when it was stopped at a stop signal, that the defendant is negligent as a matter of law, and further that such negligence was the proximate cause as a matter of law. This contention by them is made in accordance with a general rule of 'lookout' which they cite, and which they substantiate with authorities, to the effect that the failure to maintain a lookout for vehicles ahead is negligence per se, and that a collision with a vehicle standing in open view ahead is as a matter of law proximately caused by such negligence. We have no dispute with this general rule; but such rule, under the authorities, must be qualified with the proviso: 'provided the acting party's attention has not been diverted therefrom by circumstances which would distract the attention of an ordinarily prudent person under the same situation.'

"The actual question now before this Court, and the question which was before the jury and the trial court, is whether a person of ordinary prudence under the same or similar circumstances to that of the defendant would have looked at the car crowding him from the right, and while so doing would have failed to observe the car in front of him."

If reasonable minds can differ as to the inferences and conclusions to be drawn from the undisputed evidence, then the case is one for the jury. If reasonable minds can not differ, then an issue of law only is presented.

It can not be gainsaid that one who fails to stop his automobile in response to a traffic signal, but propels the same into the rear end of an automobile which has stopped in obedience to the signal, is guilty of negligence proximately causing injury or damage unless such conduct is excused by some extenuating circumstance or condition. Defendant contends here that his conduct was excusable by reason of the actions of the third driver. He cites the following cases as supporting the proposition that the proffered excuse was sufficient: Kirksey v. Southern Traction Co., 110 Tex. 190, 217 S.W. 139; St. Louis, B. & M. Ry. Co. v. Watkins, Tex.Civ.App., 245 S.W. 794; Rindge v. Holbrook, 111 Conn. 72, 149 A. 231; Savage v. Hogan, 116 Conn. 724, 165 A. 693; Harris v. Reid, 30 Ga.App. 187, 117 S.E. 256; Folan v. Price, 293 Mass. 76, 199 N.E. 320; Dreyer v. Otter Tail Power Co., 205 Minn. 286, 285 N.W. 707, 287 N.W. 13; 35 Tex.Jur. 526, Railroads, § 348; 44 Am.Jur. 822, Railroads, § 822; 3 Blashfield, Cyclopedia of Automobile Law and Practice 144, § 1748.

The evidence in this case suggests nothing in the way of a sudden emergency. The car of the third driver travelled along to the defendant's right for at least one block. Automobile drivers on city streets must for their own safety necessarily notice cars which drive alongside them, but this circumstance cannot excuse them from failing to heed traffic lights and see vehicles immediately ahead of them. Even if the actions of the third driver be considered a proximate cause of the collision, it can not be reasonably maintained that such actions constituted the *sole* proximate cause thereof. Under the facts of this case, it is conclusively established that defendant was negligent and that such negligence was a proximate cause of the collision. In applying the standard of a "person of ordinary prudence," the discretion or authority of a jury is admittedly extensive, but it is not without limit. This creature of the law and standard of comparison must conform to a pattern of behavior in keeping with the words used to describe him. He must be law-abiding and can not be wholly imprudent.

Plaintiffs' motion for judgment should have been granted. LeMay v. Young, Tex.Civ.App., 217 S.W.2d 862; Standard Paving Co. v. Webb, Tex.Civ.

App., 118 S.W.2d 456; Moss v. Koetter, Tex.Civ.App., 249 S.W. 259; Schawe v. Leyendecker, Tex.Civ.App., 269 S.W. 864.

It is unnecessary to notice other matters mentioned in the briefs. The judgment appealed from is reversed and judgment here rendered that the plaintiffs, Leo Fred Hoey and wife, Annah Norene Hoey, do have and recover of the defendant, Clinton A. Solt, the sum of $3,500, together with interest thereon from April 6, 1950 (the date of the judgment below), until paid, at the rate of six per cent per annum.

Reversed and rendered.