Glen AYERS, Appellant,

v.

Ozella B. PUCKETT et vir, Appellees.

No. 3723.

Court of Civil Appeals of Texas.

Waco.

April 14, 1960.

Rehearing Denied May 5, 1960.

Talbert, Giessel, Cutherell & Barnett, Henry P. Giessel, Houston, for appellant.

Ralph Balasco, Houston, for appellees.

McDONALD, Chief Justice.

This is an appeal from a judgment non obstante veredicto entered by the Trial Court in a rear end collision case. Plaintiffs, Ozella Puckett and husband, brought this suit against defendant Ayers, alleging that they were riding in their automobile on Highway 528 when they were struck from the rear by an automobile driven by defendant; that defendant was guilty of negligence proximately causing injuries and damages in the amount of $25,000. Trial was to a jury which, in answer to issues submitted, found:

1) Defendant did not fail to apply his brakes as would a person of ordinary prudence in the exercise of ordinary care under the circumstances.

3) Defendant did not fail to keep a proper lookout.

5) Defendant was not following plaintiffs' automobile more closely than a person of ordinary prudence in the exercise of ordinary care would have followed it under the circumstances.

7) Plaintiffs sustained medical and hospital expenses as a proximate cause of injuries sustained in the collision in the amount of $185.

8) Future medical expenses were found at $1,000.

9) Damages from physical pain and mental anguish, past and future; loss of earnings, past and future was fixed at $3,815.

The Trial Court refused defendant's motion for judgment on the verdict, and granted plaintiffs' motion for judgment non obstante veredicto, holding that the jury's findings on the issues had no support in the evidence and that the undisputed and uncontradicted evidence established that defendant was negligent in failing to make proper application of the brakes, failing to keep a proper lookout, and following plaintiffs' automobile too closely and that each was a proximate cause of the collision; and that as a matter of law defendant was liable for the amount of damages found by the jury ($5,000).

Defendant appeals, contending that the Trial Court erred in disregarding the answers of the jury to the issues submitted and in granting judgment for plaintiffs non obstante veredicto.

Plaintiffs contend that there is no evidence to sustain the findings of the jury and that the Trial Court properly entered judgment non obstante veredicto. Plaintiffs further contend by cross points that the jury's answers to the issues submitted are so contrary to the overwhelming weight and preponderance of the evidence as to be wrong and unjust, and that if the judgment be reversed that it should be remanded for such reason.

■ The 1st issue for determination herein is whether there is *any* evidence to support the jury's findings. The jury found that the defendant did not fail to

properly apply his brakes. The record reflects that defendant was following plaintiff to a picnic; that he had been continually watching him; that he saw him 10 or 12 seconds before he bumped him; that he applied his brakes when he observed him stopping; that he slid his car a length and a half in applying his brakes. We think such evidence is to the effect that defendant did apply his brakes as soon as he saw the plaintiffs' vehicle stopping. We think that from such evidence the jury could properly believe that defendant did not fail to apply his brakes as would a person of ordinary prudence in the exercise of ordinary care under the circumstances.

The jury further found that defendant did not fail to keep a proper lookout. The defendant positively testified that he kept his eyes on plaintiffs' automobile for the entire period of the 10 or 12 seconds between the time he last observed plaintiff and the time when he bumped him. Defendant's deposition was introduced, in which he had testified previously when the deposition was taken, that he "might have glanced off like normal people do occasionally." The record reflects that the weather was good and that the condition of the highway was dry and good; that it was a clear day and the sun was shining. From the foregoing and from the record as a whole, we think that there is some evidence to sustain the jury's finding on the lookout issue, but that the record as a whole is such as to render such finding against the great weight and preponderance of the evidence under the rule announced by our Supreme Court in In re King's Estate, 150 Tex. 662, 244 S.W.2d 660.

The jury also found that defendant did not follow plaintiffs' automobile too closely. We think such finding is amply supported by the evidence. He laid down one and a half car lengths of skid marks after he applied his brakes. Plaintiff Puckett testified that he glanced in his rear view mirror from time to time to see whether defendant's car was still behind them; (defendant was following plaintiffs to a picnic); that he observed that defendant was following at a safe distance; and that defendant never crowded him.

We think that there is evidence to sustain the jury's finding on the following too close issue.

All of defendant's points are sustained. Plaintiffs' cross point is sustained as to the lookout issue.

It follows that the judgment of the Trial Court is reversed, and the cause remanded. Reversed and remanded.