**Russell LOVELL et al., Petitioners,**

v.

**Jessie M. STANFORD et al., Respondents.**

**No. A-10172.**

Supreme Court of Texas.

Jan. 27, 1965.

Rehearing Denied March 3, 1965.

Talbert, Giessel, Cutherell, Barnett & Stone and Robert C. Barnett and Don Weitinger, Houston, for petitioner Lovell.

Hicks, Dollahon & Wohlt, Houston, for petitioner Gilbert M. Marcus.

Hill, Brown, Kronzer, Abraham, Watkins & Steely, Freeman Bullock and W. James Kronzer, and Charles Coussons, Jr., Houston, for respondents.

GRIFFIN, Justice.

This is a rear-end collision case involving three automobiles. From front to rear, Auto No. 1, driven by Mrs. Jessie M. Stanford, and in which Mrs. Ida Armstrong was a passenger, was proceeding in a westerly direction toward Houston on the Gulf Freeway at approximately 5:00 o'clock in the afternoon of April 4, 1960. Mrs. Stanford approached the exit by which she was to leave the freeway and pulled over into the far right lane of the three traffic lanes. Due to an accident on an access road the traffic in Mrs. Stanford's exit lane became congested and began to slow down. Mrs. Stanford slowed down to a complete stop. Very shortly after she had stopped, Car No. 2, driven by Mr. Marcus ran into the rear of Car No. 1, and very shortly thereafter Car No. 3, driven by Mr. Lovell, ran into the rear of Car No. 2, and there was evidence that as a result of this collision Car No. 2 was driven into Car No. 1.

Mrs. Stanford and Mrs. Armstrong filed suit against both Mr. Marcus and Mr. Lovell, alleging, "The above named defendants failed to use due care, such failure amounting to negligence, and such negligence being the *ap*proximate (sic) cause of the collision and of the resulting damage to your plaintiffs." No specific acts of negligence were alleged.

The case was tried to a jury, but at the conclusion of the testimony the trial judge refused to submit to the jury any issues as to negligence or proximate cause, but held both the defendants were guilty of negligence as a matter of law, which negligence was a proximate cause of plaintiffs' injuries and damages, as a matter of law. The trial court submitted only damage is-

sues as to the joint liability of the defendants, and upon the jury answers as to the amount of damage, judgment was rendered for the plaintiffs against the defendants for the amount of damages found by the jury. On appeal, the Court of Civil Appeals affirmed the trial court's judgment. 378 S.W.2d 399.

We reverse the judgments of both courts below and remand the cause to the trial court.

■ It is elementary, and requires no citation of authority, that the judgments of the courts below can only be sustained in the event that the evidence introduced at the trial be such that reasonable minds could only conclude that defendants were negligent as a matter of law and that as a matter of law this negligence was a proximate cause of the injury and damages suffered by the plaintiffs. To determine this question we must analyze the evidence.

Mrs. Stanford testified that she saw the cars ahead of her slowing down and realized she must stop. She put her left hand out of the car door and gave the hand signal for a stop. Also, she testified that when she began to slow down for the stop, she applied her brakes and that this caused her brake lights at the rear of her car to come on and thus signal following traffic that she was about to stop. Both Mr. Marcus, driving Car No. 2, and Mr. Lovell, driving Car No. 3, testified that they were looking at Mrs. Stanford's car as it was stopping, and that neither of them saw any hand signal given by Mrs. Stanford, nor did either see the brake lights come on. Mr. Marcus testified that Mrs. Stanford brought her car to a quick stop, and that he put on his brakes at once and only lightly struck Car No. 1, and that his car and Mrs. Stanford's car came to rest "bumper to bumper," and without any appreciable jar. He further testified that within two or three seconds after his car had come to rest, Car No. 3 ran into the rear end of Car No. 2 and knocked it violently against Car No. 1, and

this caused damage to the rear and the front of his car.

Mrs. Stanford testified that the first collision moved her in the seat and pushed her forward, while the second collision threw her up and over the steering wheel and strained the ligaments of her neck to such a great extent that she has had to wear a neck brace since the injury.

Mrs. Armstrong testified that there were two collisions and that the second was the greater of the two; that the first lick (collision) knocked her purse down and the second lick knocked her off the back seat and onto the floorboard between the front and back seats.

Mr. Lovell testified that he heard the screeching of the tires on Mr. Marcus' car and Marcus' brake lights came on, and he heard the noise of the impact of Car No. 2 with Car No. 1. He also testified that although he hit Car No. 2, his impact did not drive Car No. 2 into Car No. 1, and that there was but one collision with Car No. 1, and that was the collision of Car No. 2 with Car No. 1, and immediately prior to Car No. 3 colliding with Car No. 2.

Mr. Marcus further testified that when he saw the car in his lane ahead of him slowing down, he glanced in his rear vision mirror for three-quarters of a second to see if he could safely turn into the lane immediately to his left and avoid the car in front of him; that due to the traffic in this left lane, he could not turn out of the lane he was in, and when he looked back at Car No. 1, it was rapidly coming to a stop, and that he, Marcus, immediately hit his brake and thus caused his brake lights to come on, but due to the rapidity of Car No. 1 in stopping, Car No. 2 was unable to avoid colliding with Car No. 1. He testified that after Car No. 3 collided with Car No. 2, he got out of Car No. 2 and went up to Car No. 1 and opened the door by the driver and saw that Mrs. Stanford had her brake down to the floorboard.

■■ We think a recitation of the above evidence demonstrates that neither negligence nor proximate cause as to either or both of the defendants was established as a matter of law, but were issues of fact to be decided by the jury trying the case.

All testimony as to the facts of the accident came from the parties. This testimony is conflicting in material particulars, as is shown above. Each of the witnesses gave testimony contradicting each of the other witnesses. In such case there are jury issues to be resolved by the jury, and an instructed verdict may not be given. Flack v. First National Bank of Dalhart, 148 Tex. 495, 226 S.W.2d 628 (9, 10), 1950, and authorities there cited.

The testimony would support a jury finding that the collision of Car No. 2 with Car No. 1 was not a proximate cause of the injuries and damages suffered by the plaintiffs. In fact, the testimony of plaintiffs would support such a finding. The jury, from the testimony could find that the collision of Car No. 3 with Car No. 2 drove Car No. 2 into Car No. 1, and this caused all the injury or damage. On the other hand, Lovell's positive testimony that he did not knock Car No. 2 into Car No. 1 when he ran into the rear end of Car No. 2, raised the issue that this last collision was not a proximate cause of the plaintiffs' injury and damages.

It was error for the trial court to fail to submit to the jury issues inquiring as to the negligence of each of the defendants, and if such negligence, if any, was a proximate cause of the injury and damages suffered by the plaintiffs. For this error the judgment must be reversed and the cause remanded to the trial court.

Defendants pointed out this defect in their separate motions for judgment and to disregard the jury answers to the damage issues.

The judgment of both courts below are reversed, and this case remanded to the trial court for retrial consistent with this opinion.

CALVERT, Chief Justice (concurring).

I concur in the judgment rendered and entered in this cause, but I do not agree with the Court's opinion in entirety.

In my opinion, negligence of Lovell and Marcus was established as a matter of law. However, I agree that the evidence does not establish as a matter of law that the negligence of either defendant was a proximate cause (cause in fact) of the plaintiffs' injuries; and, for that reason, I concur in the judgment of reversal and remand.

SMITH and NORVELL, JJ., concur in this opinion.