**James BURT, Appellant,**

v.

**Francis J. ANDERSON, Appellee.**

**No. 11452.**

Court of Civil Appeals of Texas.

Austin.

Nov. 9, 1966.

Hyde, Tucker, Gano, Easterling & Brown, Paul K. Hyde, Dallas, for appellant.

Jackson, Walker, Winstead, Cantwell & Miller, L. P. Bickel, Dallas, for appellee.

ARCHER, Chief Justice.

This case arises out of a rear end accident which occurred during the evening rush hour in the inside lane of a controlled access freeway in Dallas, Texas. It was brought about when traffic traveling at 60 miles per hour was suddenly stopped in an inside lane when a vehicle ran out of gas and stalled in that lane. The other three lanes to the right of the stalled vehicle continued to move at approximately 60 miles per hour. Vehicles behind the stalled automobile attempted to get into the other lane and go around. Two vehicles were unable to do so but did stop behind the stalled car. The appellant was also unable to get into the lane to the right due to the congestion and likewise stopped, becoming the fourth car in line. Immediately thereafter, other cars were able to get into the inside lane, but the appellee when suddenly confronted with the situation was unable to do so and collided with the rear of appellant's automobile. The court submitted issues on appellee's conduct with reference to his lookout, his speed, his timely application of brakes and the interval at which he was following. The jury in all things absolved the appellee and further found that the accident was unavoidable. The court rendered judgment that appellant take nothing.

The appeal is founded on seven points and are that the jury's answers to Issues Nos. 1, 2, 3, 4, 6, 7, 12, 13 and 14 are contrary to the evidence, and the trial court erred in overruling plaintiff's motion for judgment non obstante veredicto, and in overruling plaintiff's amended motion for a new trial.

Plaintiff's cause of action is based on four alleged separate acts of negligence, and that each of which were a proximate cause

of the collision and resulting damages, and are:

1. In failing to keep a proper lookout,

2. In driving too fast,

3. In failing to make timely application of his brakes,

4. In following too closely,

and that because the defendant committed negligent acts, which were each a proximate cause of the collision, the collision cannot be unavoidable by definition. Therefore, the jury's findings on Special Issue No. 14A was contrary to the great weight and preponderance of the evidence and was manifestly wrong and unjust.

The issues submitted to the jury inquired if the defendant failed to keep a proper lookout and the answer was that he did not, and the proximate cause issue was not answered; Special Issue No. 3 inquired if the defendant, Anderson, was driving his vehicle at an excessive rate of speed and the jury's answer was No, and the negligence and proximate cause issues submitted conditionally were not answered. In answer to Issue No. 6 the jury found that the defendant did not fail to timely apply his brakes and did not answer Issues Nos. 7 and 8 conditioned on an affirmative answer to Issue No. 6; the jury found that the defendant did not fail to turn his vehicle immediately before the collision, and did not answer Issues 10 and 11 conditionally submitted.

In answer to Issue No. 12 the jury found that the defendant was not following the plaintiff's vehicle more closely on the occasion in question than was reasonable and prudent having due regard for the speed of such vehicles and the traffic upon and the conditions of the highway, and did answer Issues Nos. 13 and 14 conditioned on an affirmative answer to Issue No. 12.

The jury found that the collision in question was the result of an unavoidable accident.

The jury found that the plaintiff sustained certain injuries and fixed the compensation at $4,000.00, $1,600.00 for medical and hospital bills, and fixed the damages to plaintiff's automobile at $1,100.00.

Based on the verdict of the jury the court entered a take nothing judgment and awarded defendant his costs.

Plaintiff's motion for judgment non obstante veredicto was overruled.

Plaintiff's amended motion for a new trial was overruled.

We believe that the court was justified in entering the judgment that he did and did not err in failing to grant plaintiff's motion for judgment non obstante veredicto, or in failing to grant a new trial.

█ Appellee asserts that appellant's points Nos. 1, 2, 3 and 4 are of the "no evidence" variety, and that no predicate was laid by way of motion for new trial for "an insufficient evidence" ground of reversal, as is required under Rules 320, 324 and 374, Texas Rules of Civil Procedure, and that since appellant did not complain of insufficient evidence in his motion, he has waived that error, if any, and that the only relief which he can obtain on any of his points is reversal and rendition.

We believe appellee to be correct in this position.

See article by Judge Robert W. Calvert, 38 Texas Law Review, page 363, in which it is stated:

"(d) The fourth situation is not a true 'no evidence' situation. It usually arises when a jury finds the non-existence of a vital fact or gives a negative answer to an issue inquiring as to the existence of a vital fact, whether the fact be vital to a plaintiff's claim or to an affirmative defense. Points of error in that situation which assert that there is no evidence of probative force to support the jury's finding really miss the target. For ex-

ample, what does it benefit a party that there is no evidence to support a jury finding that the opposite party did not commit a negligent act? Before a party is entitled to have a judgment based on the answer reversed and judgment rendered in his favor it must appear that the evidence establishes conclusively that the act was committed. In this situation it would be much better to forget the words 'no evidence' and assert in the point of error, as well as in the basic procedural steps in the trial court, that the evidence establishes conclusively, or as a matter of law, that the act was committed."

At page 371 of his article Judge Calvert states:

"* * * if counsel wish to challenge the state of the evidence on appeal for the purpose of securing a reversal of a trial court's judgment and a rendition of judgment, or, alternatively, a reversal and a remand for retrial, they must continue to present in Courts of Civil Appeals both 'no evidence' and 'insufficient evidence' point of error."

We review the evidence in a light favorable to the jury finding.

■ Appellee testified that he had been traveling for 2 or 3 miles on the freeway before the accident and on the inside lane for ½ to 3 miles, at 50 to 55 miles per hour, maintaining an interval of 150 feet between his car and the car in front of him, and was 150 to 200 feet behind appellant's car when he saw the brake lights come on, and attempted to get into the lane on his right and stop.

Witness Tom Ed Wilson testified that appellant stopped behind him and that 2 or 3 cars came up behind appellant and were able to get into the next lane, and while he (Wilson) was trying to see if he could get into the right hand lane he saw appellee making a similar attempt and throwing on his brakes and skidding.

There was no evidence that suggests that appellee was not at all times looking other than to the front except when he was trying to get into the right hand lane.

At any rate an issue of fact was raised and that is conclusive on this point. Great Atlantic & Pacific Tea Company v. Giles, Tex.Civ.App., 354 S.W.2d 410, er. ref., n. r. e.; Lovell v. Stanford, Tex.Civ.App., 386 S.W.2d 755, Sup.Ct.

Appellant cites among other cases Miller v. Wagoner, Tex.Civ.App., 356 S.W.2d 363, n. w. h., for the rule of law governing lookout in rear-end collisions.

In the Wagoner case a jury found that the defendant had failed to keep a proper lookout which was a proximate cause of the collision. This finding distinguishes that case from the instant case.

Grossman v. Tiner, Tex.Civ.App., 347 S.W.2d 627, er. ref., n. r. e., is a case holding that a fact issue exists as to whether the rear-ending party is guilty of improper lookout which was a proximate cause of the accident, and a jury found that the defendant was so guilty, and such finding was upheld.

E. K. Shetler, an accident investigator with the City of Dallas Police Department, testified that he was called to the scene of the accident and that it was a front to rear chain reaction type accident, that he did not see any skidmarks and that the speed limit was 60 miles an hour on the freeway.

The witness testified that by a rule of thumb a car length for every ten miles an hour was required in order to stop a car going 60 miles an hour, and that a distance of anywhere from 120 to 150 feet would be a safe distance.

Special Issue No. 3 inquires as to whether or not appellee was driving his vehicle at any excessive rate of speed under the facts and circumstances then existing upon the time and occasion in question and the jury answered "No."

All witnesses agree that the traffic was moving at 60 miles per hour. The appellant testified he was going 50 to 55 miles per hour.

■ Speed in a situation like that existing furnishes nor more than a condition which is not actionable. Texas & Pacific Railway Co. v. Floyd, Tex.Civ.App., 309 S.W.2d 525, n. r. e.

■ It is a matter of speculation whether appellee would have been able to stop at a lower speed, and conducting himself as the others on the freeway, at least a fact issue exists as to whether such conduct amounted to negligence. Mooneyhan v. Benedict, Tex.Civ.App., 284 S.W.2d 741, n. r. e.

■ Appellant contends that the jury's answer to Special Issues No. 12 and No. 13 were contrary to the evidence.

Special Issue No. 12 inquired if the appellee was following the appellant's vehicle more closely than was reasonable and prudent having due regard for the speed of such vehicles and the traffic upon and condition of the highway and the jury answered that he was not, and they did not answer Issue No. 13 conditionally submitted which was proximate cause.

Article 6701d, Section 61(a), Vernon's Annotated Civil Statutes describes the law in Texas regarding "following too closely" and is stated as follows:

"The driver of a motor vehicle shall not follow another vehicle more closely than is reasonable and prudent, having due regard to the speed of such vehicles and the traffic upon and the conditions of the highway."

Appellant claims that the appellee was guilty of negligence which was a proximate cause as a matter of law, and cites Erck v. Zelios, Tex.Civ.App., 401 S.W.2d 867, n. w. h.

The trial court did not err in refusing to set aside the jury finding to Special Issue No. 14A, the unavoidable accident finding.

Appellant has not in particulars shown that a condition or situation does not exist in the testimony upon which the jury could base its finding of unavoidable accident.

In Hoey v. Solt, Tex.Civ.App., 236 S.W.2d 244, n. w. h., situations are pointed out that "such conduct is excused by some extenuating circumstance or condition."

The court did not err in overruling appellant's motion for judgment non obstante veredicto.

We believe that appellant's point No. 6 is too general and is overruled.

Tindall v. Tacconelly, Tex.Civ.App., 328 S.W.2d 909, er. ref., n. r. e.

The judgment of the trial court is affirmed.

Affirmed.