**Ava A. CRAVENS et vir, Appellants,**

**v.**

**Willie W. ELAM, Appellee.**

**No. 17381.**

Court of Civil Appeals of Texas, Dallas.

Jan. 30, 1970.

Dewitt O. Dunaway, Dallas, for appellants.

Joe E. Shaddock, Wichita Falls, for appellee.

CLAUDE WILLIAMS, Justice.

This action was instituted by Ava A. Cravens, joined by her husband, against Willie W. Elam seeking to recover damages for personal injuries. She alleged that she sustained injuries when an automobile driven by Elam negligently struck the rear of a motor vehicle in which she was riding as a passenger. Elam denied that the collision was the result of any act of negligence on his part but that the collision was the result of an unavoidable accident.

The case was tried before the court and a jury which found, in answer to special issues, that Elam did not fail to keep a proper lookout; that he did fail to timely apply his brakes, but that such failure was not negligence; that Elam was not driving at an excessive rate of speed; that Elam did fail to swerve his automobile prior to the collision, but that such failure was not negligence; and that the accident in question was an unavoidable one.

Mrs. Cravens, in a motion for judgment *non obstante veredicto*, sought to have the court set aside the jury findings and to render judgment in favor of plaintiff. Such motion, as well as an amended motion for new trial, was overruled.

Appellants, in their first three points of error, complain against the judgment contending (1) that the trial court erred in overruling motion for judgment *non obstante veredicto*; (2) in overruling the amended motion for new trial; and (3) that the testimony of Elam establishes, as a matter of law, that he was guilty of negligence which was a proximate cause of the collision, and that the same was not the result of an unavoidable accident, so that the jury's answers to special issues thereon are contrary "to the affirmative and conclusive evidence."

It is immediately obvious that appellants' second point is not in compliance with Rule 418(b), Vernon's Texas Rules of Civil Procedure, which provides that points shall direct the attention of the court to the error relied upon. The amended motion for new trial contains seven assignments of error so that the point presented does not direct our attention to any particular assignment contained therein. Wagner v. Foster, 161 Tex. 333, 341 S.W.2d 887 (1960); Garza v. Alviar, 395 S.W.2d 821 (Tex.Sup.1965).

Appellants' first point is also general in nature but from consideration of the third point and a reading of the statement and argument contained in the brief it is evident that appellants' real contention is that since appellee's own testimony convicts him of negligence and proximate cause, as a matter of law, the take nothing judgment in his favor cannot stand. They rely upon such cases as Meinen v. Mercer, 390 S.W. 2d 36 (Tex.Civ.App., Corpus Christi 1965, writ ref'd n. r. e.); Erck v. Zelios, 401 S. W.2d 867 (Tex.Civ.App., Dallas 1966, no writ); Sumners Road Boring, Inc. v. Thompson, 393 S.W.2d 690 (Tex.Civ.App., Corpus Christi 1965, writ ref'd n. r. e.); and Ruffin et al. v. J. W. Weingarten, Inc., 387 S.W.2d 761 (Tex.Civ.App., Tyler 1965, no writ).

To support their contention, appellants bring forward an abbreviated and partial statement of facts containing only the testimony of appellee Elam. In order to identify the geographical location of the collision we must look to the allegations contained in appellants' trial petition. There they say that on February 15, 1967 Mrs. Cravens was riding in an automobile being driven by her daughter in a northerly direction on Jim Miller Road, in the City of Dallas, and that they approached an intersection with Second Avenue which consisted of two separate streets, one for eastbound traffic and the other for westbound traffic. These lanes of traffic were divided a distance of approximately "a short city block" and construction activity was in progress in the area. It was alleged that Mrs. Cravens' daughter drove

her automobile across the eastbound lane of Second Avenue on a green traffic signal and then slowed and brought her vehicle to a stop in the northbound lane of Jim Miller Road behind another vehicle which had stopped upon the signal of a flagman to allow construction machinery to cross Jim Miller Road and that at such time Elam, also operating his motor vehicle in a northbound direction on Jim Miller Road, drove his automobile into and collided with the rear end of the automobile in which Mrs. Cravens was riding.

Mr. Elam testified that the time of the collision was about 8:30 or 8:45 a. m. and that he was on his way home after working all night, driving his car in a northerly direction on Jim Miller Road. He testified that the two lanes of Second Avenue which intersect Jim Miller Road are about sixty yards apart and that there is a signal light over each of the lanes. He said that he was familiar with the fact that construction had been proceeding on Second Avenue for some time and had just reached Jim Miller Road. He said that he was aware there was construction machinery in use in the area. As he approached the intersection of the eastbound lane of Second Avenue there were four automobiles ahead of him in his lane of traffic stopped for a red light. Observing the red light and the stopped automobiles ahead of him he reduced the speed of his vehicle but before he reached the scene the light changed to green and the four automobiles began to move across the intersection and under the signal light. He did not have to stop his automobile but did slow it again because there was a dip in the eastbound lane of Second Avenue at the intersection. He was going about 15 miles per hour and was about three car lengths behind the last automobile, the one in which Mrs. Cravens was riding, as he went under the overhead light on the eastbound lane of Second Avenue. He said he was looking ahead and over the automobiles to the green light at the intersection of the westbound lane of Second Avenue and that he also noticed a piece of construction machinery approaching Jim Miller Road from his right. He said the visibility was clear and he had no difficulty in seeing ahead of him. He testified that while he was not looking directly at the cars in front of him, he was looking in that direction and also was looking to his right when the collision suddenly occurred. He described it as a light blow. He said that he did not see any brake lights come on on the car ahead of him before it stopped. He testified that if there had been brake lights on the car ahead of him he certainly would have seen them. When he saw the car stop he put on his brakes immediately but his wheels skidded and he struck the rear end of the other car. The pavement at that point was damp and there was loose dirt or gravel on the paved portion of the road where the impact took place. The actual impact occurred approximately two car lengths past the intersection of the eastbound lane of Second Avenue and Jim Miller Road. Appellee stated that prior to the accident he could not see any flagman at all because of the cars between the flagman and his car; that the first time he saw a flagman was after he got out of his car following the collision. He said that he was going so slow that he would have stopped completely in another three to five feet.

Several reasons are apparent in this record why appellants' contentions cannot be sustained. In the first place, the incomplete record brought to this court by appellants would not justify us in holding that the judgment of the trial court was not supported by the evidence. In an appeal where there is only a partial statement of facts presented, all reasonable presumptions will be indulged in favor of the judgment below, including a presumption that the evidence was sufficient to sustain it. 3 Tex.Jur.2d, § 477, p. 725, and cases therein cited.

Secondly, a careful reading and analysis of appellee's own testimony convinces us that it falls short of demonstrating that appellee was guilty of negligence and proxi-

mate cause, as a matter of law. We think that the evidence before us does nothing more than present issues of fact on the various questions of negligence and proximate cause which were submitted to the jury and answered favorably to appellee.

It cannot be contended that in all rear end collision cases the facts are such as to condemn the defendant of negligence and proximate cause, as a matter of law. Such cases as Lovell v. Stanford, 386 S.W.2d 755 (Tex.Sup.1965); Grossman v. Tiner, 347 S.W.2d 627 (Tex.Civ.App., Waco 1961, writ ref'd n. r. e.); and Burt v. Anderson, 408 S.W.2d 572 (Tex.Civ.App., Austin 1966), illustrate situations where issues of negligence and proximate cause in such cases must be settled by the jury. In Burt v. Anderson vehicles on the highway were forced to stop abruptly when a car ran out of gas. The jury found the accident to be unavoidable and not caused by negligence of the defendant. The court held that an issue of fact was raised as to whether the defendant in that case was keeping a proper lookout when the evidence reflected that the defendant at all times was looking to the front except while he was trying to get into the right hand lane of traffic. Such is the case here where Elam testified that he was looking directly ahead and also to his right just before striking the vehicle. Also in the Burt v. Anderson case the court said: "Appellant has not in particulars shown that a condition or situation does not exist in the testimony upon which the jury could base its finding of unavoidable accident."

Certainly that applies in this case since appellants have not demonstrated that a condition or situation did not exist upon which the jury could base its finding of unavoidable accident. Appellee's testimony reveals that the point where the collision occurred was one where construction was in progress; that the road was damp and covered with loose dirt and gravel which caused the automobile to skid when the brakes were applied. This would certainly raise the issue of unavoidable accident as well as support the jury's findings thereon.

Appellants argue that appellee must be held guilty of negligence and proximate cause, as a matter of law, unless he can demonstrate some extenuating circumstances or conditions which excuse his conduct. We think the evidence of appellee does indeed demonstrate extenuating circumstances. The flagman which brought the line of vehicles to a stop and thereby causing the chain reaction was hidden from view of appellee; the pavement was damp at the point of the collision; construction which had recently reached Jim Miller Road had left dirt and gravel at the scene of the accident which caused appellee's wheels to skid and slide; the construction machinery was approaching; and a definite question was presented as to whether the automobile in front of appellee had brake lights visible to warn him of the stop which must have been sudden.

It is our view that reasonable minds could very well differ in reaching answers to the issues raised by appellee's own testimony so that the trial court did not err in submitting the issues to the jury. Appellants' first three points are overruled.

In their fourth point of error appellants contend that the trial court erred in overruling their objection to a part of the closing argument of counsel for appellee. The record reveals that during the closing argument to the jury counsel for appellee stated: "A seventy year old man who is working for his living, has worked all night and is on his way home. Now you know and I know that a man in that condition is going to be a little bit tired. He is not going to be as sharp as somebody—." Thereupon objection was made to the effect that such argument called upon the jury to apply a subjective standard. The court said: "Well, they have got the charge. Overruled."

The record does not reveal that appellants' counsel submitted a motion for

mistrial following the action of the court in overruling the objection.

Appellants, in their brief, make no offer to demonstrate any harm that could have resulted from such argument. As stated by our Supreme Court, the law in Texas is well settled that before a judgment is reversed because of argument of counsel two things must appear: the argument must be improper, and it must be such that it was reasonably calculated to cause and probably did cause the rendition of an improper judgment in the case. Aultman v. Dallas Railway & Terminal Co., 152 Tex. 509, 260 S.W.2d 596 (1953).

In the light of appellee's testimony, we do not feel that the argument was improper but if we be mistaken then we say that such error was harmless. Highway Ins. Underwriters v. Lufkin-Beaumont Motor Coaches, 215 S.W.2d 904 (Tex.Civ. App., Beaumont 1948, writ ref'd n. r. e.). Appellants' fourth point is overruled.

The judgment of the trial court is affirmed.