Mary Katherine **HUGHES** et vir.,
Plaintiffs-Appellees,

v.

**MOBIL OIL CORPORATION**, Defendant-Appellant.

No. 27313.

United States Court of Appeals,
Fifth Circuit.

Feb. 3, 1970.

Rehearing Denied and Rehearing En Banc Denied March 19, 1970.

Max N. Osborn, Jack T. Akin, Midland, Tex., for appellant; Turpin, Smith, Dyer, Hardie & Harman, Midland, Tex., of counsel.

Warren Burnett, Bob Hoblit, Odessa, Tex., for appellees.

Before THORNBERRY, GODBOLD and MORGAN, Circuit Judges.

GODBOLD, Circuit Judge:

This is the second appearance of this case in this court. In the first appearance [1] we concluded that the issue of the scope of employment of appellant's employee Jurenka was a matter for the jury. We are presented with neither change in circumstances nor change in the governing law which might make it appropriate for us to conclude that the law of the case should not apply and that we now should reach the opposite conclusion. *E. g.*, Lincoln National Life Insurance Company v. Roosth, 306 F.2d 110 (5th Cir. 1962).

The intervening case of Thomas v. Travelers Insurance Company, 423 S. W.2d 359 (Tex.Civ.App., 1967, writ ref.) does not represent a change in the law. Appellant's difficulty is not one of changing law but of unchanging facts, i. e., testimony of its own employee that he was on duty on the Sunday in question. The duty encompassed performing specific tasks as they arose. That he caused injury while between specific tasks does not take him off duty.

*Thomas* concerned a tool pusher who was at home subject to call but off duty and free to carry on his own business. Jurenka was a production foreman, appellant's senior man in his line in the geographical area, in charge of 300 to 400 oil wells, and either he or his assistant, or both, were required to be on duty on Sunday. Both were described by Jurenka as being on duty on this Sunday.

Our review of a claim that the verdict is excessive is limited to instances of grave abuse of discretion where the defendant has, as it has here, urged that issue on motion for new trial and its motion has been denied. Rosiello v. Sellman, 354 F.2d 219 (5th Cir. 1955). No abuse of discretion by the trial judge appears in this case. Appellant's related contention that appellee's injuries and complaints were as a matter of law not causally related to the accident approaches being frivolous. Appellee testified to neck pain commencing on the day of the accident. She was examined by a doctor the next day and admitted to the hospital where for three weeks she was under treatment which included traction, injections in the neck and back, whirlpool baths and physiotherapy. The extent, if any, to which a subsequent fall contributed to her difficulties was for the jury.

The trial court found Jurenka guilty of negligence as a matter of law in failing to keep a proper lookout and submitted proximate cause to the jury. Lookout usually is a jury question, Griffith v. Hudspeth, 378 S.W.2d 153 (Tex. Civ.App.1964), *see* 2 Blashfield, Automobile Law and Practice, § 104.3 (3rd ed. 1965), but the evidence may be such that there is negligence as a matter of law. Erck v. Zelios, 401 S.W.2d 867 (Tex.Civ.App.1966); Hoey v. Solt, 236 S.W.2d 244 (Tex.Civ.App.1951).

The evidence in this case was that Jurenka was traveling behind ap-

---

1. Socony Mobil Oil Company v. Taylor, 388 F.2d 586 (5th Cir. 1967).

pellee's car in the same (left) lane. He observed appellee's car signalling for a left turn to take place at an intersection, knew there was traffic approaching from the opposite direction, and thought there was time for appellee's car to make the left turn before the approaching traffic reached the intersection. Assuming that appellee would turn ahead of the approaching traffic, and in a situation where neither the action of appellee's car, nor of any other car, required him to to do so, Jurenka, the trailing driver, elected to "wheel out to the right" and, taking his eyes from appellee's car, looked in his rear view mirror to see if the way was clear for him to turn into the right lane. When he brought his vision back to what was in front of him appellee's car had stopped to await passage of the oncoming traffic before making its turn. Jurenka was too close to turn out or to avoid appellee's stopped car and struck it from the rear. He acknowledged that if he had been watching appellee's car he would have stopped, let it negotiate its turn, and thus would not have collided with it. Jurenka's failure to keep a lookout was negligence as a matter of law. Hoey v. Solt, *supra*. Authorities urged by appellant are not to the contrary. In LeMaster v. Fort Worth Transit Company, 138 Tex. 512, 160 S.W.2d 224 (1942), there was evidence that although LeMaster ran into a bus when it suddenly stopped in front of him, the bus gave no signal prior to stopping, and LeMaster neither expected, nor had any reason to anticipate, a stop at that place. In Lovell v. Stanford, Tex., 386 S.W.2d 755 (1965), the driver of the lead car testified that she realized she must stop for traffic ahead of her on the freeway, *and slowed for that purpose, signalling* by both hand and brake lights. Drivers of Cars No. 2 and 3 testified that they were watching Car No. 1 and saw neither hand signal nor brake light. The driver of No. 2 testified that he observed No. 1 slowing down, glanced in his rear vision mirror for a fraction of a second to see if he could turn into the lane to his left and avoid Car No. 1, discovered that traffic in that lane foreclosed this course of action, then looked back at the car ahead of him which stopped so rapidly he was unable to stop without hitting it. In the case before us the testimony of what signal was given is without dispute. Also Jurenka was, on his own testimony, not the victim of an emergency presented by an unanticipated rapid stop—he acknowledged he would not have struck appellee had he been looking.[2]

■ The evidence was sufficient to raise an issue of excessive speed. Jurenka testified that he was approaching the scene at 25 to 30 miles per hour, that at 30 miles per hour he was traveling approximately 44 feet per second, that when, after looking away, he returned his vision to the scene in front of him he discovered he was within 30 feet of appellee's stopped car. He applied his brakes (and laid down short skid marks) and began to turn to the right in order to avoid appellee's car. But he was unable to prevent the impact. We cannot say that under these circumstances his speed was at that time, as a matter of law, not excessive.

■ The court did not err in refusing to let Jurenka testify that if appellee had given a signal to stop at the time the signal to turn was given he (Jurenka) could have stopped prior to the accident. Accepting that practical experience may prima facie qualify one not an expert to express an opinion as to the distance within which an automobile could have stopped, if he knows the relevant conditions, 11 Blashfield, *op. cit. supra*, § 430.1, El Paso Electric Co. v. Whitenack, 297 S.W. 258 (Tex.Civ.App. 1927), *aff'd* Com.App., 1 S.W.2d 594

2. Burt v. Anderson, 408 S.W.2d 572 (Tex. Civ.App.1966) is not applicable. It concerned a freeway accident, in which rush hour high speed traffic stopped suddenly when a vehicle stalled, and a driver back in the line of traffic, faced with the chain reaction situation in front of him, sought to go into the right lane.

(1928), in this instance Jurenka was not asked to express an opinion at all. The defense sought to elicit from him an unqualified statement of what he, as a participant, could or could not have accomplished.

Affirmed.

ON PETITION FOR REHEARING AND PETITION FOR REHEARING EN BANC

PER CURIAM:

The Petition for Rehearing is denied and no member of this panel nor Judge in regular active service on the Court having requested that the Court be polled on rehearing en banc, (Rule 35 Federal Rules of Appellate Procedure; Local Fifth Circuit Rule 12) the Petition for Rehearing En Banc is Denied.