

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
## FORT WORTH

### NO. 02-16-00443-CV

ERNEST SHARD LEE                                                    APPELLANT

V.

JOSUE CARMONA                                                       APPELLEE

----------

## FROM THE 96TH DISTRICT COURT OF TARRANT COUNTY
## TRIAL COURT NO. 096-281338-15

----------

## MEMORANDUM OPINION[1]

----------

Appellant Ernest Shard Lee sued Appellee Josue Carmona for negligence after Carmona's car rear-ended Lee's SUV. By a ten-to-two verdict, a jury found that Carmona's negligence, if any, did not proximately cause the accident, and the trial court entered a take-nothing judgment on the verdict. In one issue, Lee

---

[1]See Tex. R. App. P. 47.4.

argues that the evidence was factually insufficient to support the jury's finding. We will affirm.

## Background

Lee and Carmona both testified at trial regarding the accident. On the evening of January 16, 2015, Lee's SUV was stopped in the right southbound lane of McCart Avenue in Fort Worth behind another stopped SUV that was waiting to turn right into a driveway blocked by a crossing pedestrian. Carmona—who was traveling in the same lane as Lee—reached up to scratch his eye and knocked his eyeglasses off onto the floorboard between his right leg and the car's console. He applied his brakes to ensure that he kept a distance from Lee's vehicle.

Keeping his left hand on the steering wheel, Carmona reached down for his glasses while still looking at the road. Carmona testified that when he saw that he was about the hit Lee, he didn't have time to react and apply his brakes. His car slammed into Lee's SUV and pushed it into the other SUV. Carmona's airbag immediately deployed, disorienting him, and instead of applying the brakes, he accidently hit the gas and rear-ended Lee again. Lee called 9-1-1; the police came to the scene, but they did not ticket anyone.

## Standard of Review

When reviewing an assertion that the evidence is factually insufficient to support a finding, we set aside the finding only if, after considering and weighing all evidence in the record pertinent to that finding, we determine that the credible

2

evidence supporting the finding is so weak, or so contrary to the overwhelming weight of all the evidence, that the answer should be set aside and a new trial ordered. *Pool v. Ford Motor Co.*, 715 S.W.2d 629, 635 (Tex. 1986) (op. on reh'g); *Cain v. Bain*, 709 S.W.2d 175, 176 (Tex. 1986); *Garza v. Alviar*, 395 S.W.2d 821, 823 (Tex. 1965). When, as here, the party with the burden of proof appeals from a failure to find, that party must show that the failure to find is against the great weight and preponderance of the credible evidence. *Dow Chem. Co. v. Francis*, 46 S.W.3d 237, 242 (Tex. 2001); *Cropper v. Caterpillar Tractor Co.*, 754 S.W.2d 646, 651 (Tex. 1988); *see Gonzalez v. McAllen Med. Ctr., Inc.*, 195 S.W.3d 680, 681–82 (Tex. 2006). When conducting a factual-sufficiency review, we must not merely substitute our judgment for that of the fact-finder. *Golden Eagle Archery, Inc. v. Jackson*, 116 S.W.3d 757, 761 (Tex. 2003). The fact-finder is the sole judge of the witnesses' credibility and the weight to be given to their testimony. *Id.*

## Applicable Law

The elements of a negligence claim are (1) the existence of a legal duty, (2) a breach of that duty, and (3) damages proximately caused by the breach. *Rodriguez–Escobar v. Goss*, 392 S.W.3d 109, 113 (Tex. 2013). Lee had the burden to prove that Carmona was negligent and that his negligence proximately caused the accident. *See Vigil v. Kirkland*, No. 02-16-00147-CV, 2017 WL 2471091, at *2 (Tex. App.—Fort Worth June 8, 2017, no pet.) (mem. op.) (citing *Neese v. Dietz*, 845 S.W.2d 311, 313 (Tex. App.—Houston [1st Dist.]

3

1992, writ denied)). Jury question one asked: "Did the negligence, if any, of Josue Carmona proximately cause the occurrence in question?" The terms "negligence," "ordinary care," and "proximate cause" were defined earlier in the charge in accordance with the pattern jury charges. *See* Comm. on Pattern Jury Charges, State Bar of Tex., *Texas Pattern Jury Charges: General Negligence* PJC 2.1, 2.4, 4.1 cmt. (2016).

It is well established that the mere occurrence of a rear-end collision may be some evidence of negligence, but it is not negligence as a matter of law. *See, e.g.*, *Vigil*, 2017 WL 2471091, at *2; *Campbell v. Perez*, No. 02-14-00248-CV, 2015 WL 1020842, at *4 (Tex. App.—Fort Worth Mar. 5, 2015, no pet.) (mem. op.); *Benavente v. Granger*, 312 S.W.3d 745, 749 (Tex. App.—Houston [1st Dist.] 2009, no pet.); *Pearson v. DeBoer, Inc.*, 99 S.W.3d 273, 276 (Tex. App.—Corpus Christi 2003, no pet.). The plaintiff still must prove specific acts of negligence on the part of the following driver, as well as proximate cause. *Vigil*, 2017 WL 2471091, at *2 (citing *Campbell*, 2015 WL 1020842, at *4; *Benavente*, 312 S.W.3d at 749). Whether the plaintiff has succeeded in proving negligence by a preponderance of the evidence is within the jury's province to determine. *Id.* (citing *Campbell*, 2015 WL 1020842, at *4; *Pearson*, 99 S.W.3d at 276).

### Factual Sufficiency of the Evidence

In his sole issue, Lee argues that the jury's finding that Carmona was not negligent was against the great weight and preponderance of the evidence because the evidence conclusively established Carmona's negligence and

4

because there was no contrary evidence. Lee points out that he was stopped behind the other SUV for 15 to 20 seconds before Carmona rear-ended him without braking. Lee asserts that while Carmona "blames his initial distraction on a hunt for his glasses," there is no evidence "to explain or excuse Carmona's continued failure to maintain a proper lookout during this 15 to 20 second interval."

When the accident happened, Carmona was driving home from visiting his son in Dallas, and Lee was driving home from work. Carmona testified that he was traveling below the 35-mile-per-hour speed limit. He was not eating, drinking, adjusting the radio, or using his cellphone or a GPS device. He had not consumed any alcohol, drugs, or medication that would affect his driving ability.

According to Carmona, after he knocked his glasses off, he applied his brakes "just a little bit" to keep a distance between his car and Lee's SUV and then reached for his glasses. Even though he has astigmatism and has worn glasses since he was 16 (he was 56 at the time of trial), he isn't required to wear them when he drives. But his glasses allow him to see better while he's driving because they "help [him] to correct [his] vision regarding the amount of light that c[o]me[s] into [his] eyes." He testified that although he is not legally required to wear glasses, his brain needs them so that his eyes can properly focus. He further testified that his "brain is used to working with my glasses on," and without his glasses, his "brain has to readjust," so he could not see well after he knocked his glasses off.

5

Carmona kept his left hand on the steering wheel, and keeping a distance from Lee's SUV, he reached down for his glasses with his right hand. While reaching for his glasses, Carmona kept his head above the dashboard and kept looking at the road. Carmona testified that his car's floorboard is less than an arm's length down, that he could touch the floor without moving his head below the dashboard, and that he did not have to lean over to get his glasses off the floor. But when he saw that he was about the hit Lee, he didn't have time to react and apply his brakes.

In support of his contention that Carmona failed to keep a proper lookout, Lee cites *Ayers v. Puckett*, 334 S.W.2d 552 (Tex. Civ. App.—Waco 1960, no writ).[2] The defendant in *Ayers* rear-ended the plaintiffs, and the jury found that the defendant did not fail to keep a proper lookout. *Id.* at 553. But the trial court granted the plaintiffs' motion for judgment notwithstanding the verdict, holding that the jury's finding was not supported by the evidence and "that the undisputed and uncontradicted evidence established that the defendant was negligent in . . . failing to keep a proper lookout." *Id.* The court of appeals disagreed:

---

[2]Lee also cites *Lovell v. Stanford*, 378 S.W.2d 399 (Tex. Civ. App.—Austin 1964), *rev'd*, 386 S.W.2d 755 (Tex. 1965), as "informative because the negligence turned on the decision of one car to closely follow another." In that case, the trial court and the court of appeals determined, as a matter of law, that both defendants in a three-car rear-end collision were negligent and that their negligence proximately caused the plaintiffs' injuries. 386 S.W.2d at 756–57. But the supreme court reversed both courts' judgments and remanded the case to the trial court because the evidence did not establish negligence or proximate cause as a matter of law but presented fact issues for the jury. *Id.* at 758.

The defendant positively testified that he kept his eyes on plaintiffs' automobile for the entire period of the 10 or 12 seconds between the time he last observed plaintiff and the time when he bumped him. Defendant's deposition was introduced, in which he had testified previously when the deposition was taken, that he 'might have glanced off like normal people do occasionally.' The record reflects that the weather was good and that the condition of the highway was dry and good; that it was a clear day and the sun was shining. From the foregoing and from the record as a whole, we think that there is some evidence to sustain the jury's finding on the lookout issue, but that the record as a whole is such as to render such finding against the great weight and preponderance of the evidence under the rule announced by our Supreme Court in *In re King's Estate*, 150 Tex. 662, 244 S.W.2d 660.

*Id.* at 554.

The facts in *Ayers* are distinguishable. Here, the accident happened after it was dark. Lee testified that he was stopped for 15 to 20 seconds before Carmona rear-ended him. But Carmona did not testify about the specific length of time between when he saw Lee's SUV and the collision. Nor did he testify about the specific length of time between knocking off his glasses and the collision. He merely testified that "the whole event happened really fast." Carmona also testified that he kept looking at the road while reaching for his glasses.

Lee also asserts that Carmona made numerous quasi-admissions that he failed to use ordinary care. Lee overheard Carmona tell the police that the accident was his fault because he was trying to get his glasses off the floor. At trial, Carmona acknowledged that he was responsible for causing the wreck and for Lee's damages. He agreed that, in retrospect, instead of continuing to drive while reaching for his glasses, it would have been more reasonable to pull over

7

and activate his hazard lights, to pull into a driveway, or to "just suck it up" and keep driving. But because he was used to wearing glasses, he instinctively reached for them.

Even though Carmona admitted responsibility for the accident, he denied that he was negligent or failed to use ordinary care. He also agreed that under different circumstances, stepping on the gas after rear-ending someone was failing to use ordinary care:

> [Lee's counsel:] Do you think it was using ordinary care to step on the gas after you've rear-ended somebody?
>
> [Carmona:] No.
>
> Q. Okay. So you would agree with me that that was negligent?
>
> A. No. And the reason I don't agree with you, ma'am, is because, like I said, it was -- it was -- it was surreal. I had been hit by all these bags. And I could not really determine exactly where I was.
>
> Q. Okay.
>
> A. Instinctively, I was trying to brake.
>
> Q. Thank you, Mr. --
>
> A. I -- I didn't purposely put the pedal -- the gas pedal down.
>
> Q. And, Mr. Carmona, you understand there's a big difference between doing something intentionally and doing something negligently, right?
>
> A. Right.
>
> Q. Okay. And "negligence" is failure to use ordinary care, right?
>
> A. Right.

Q. And you agree with me that it was a failure to use ordinary care to step on the gas after you've rear-ended someone, correct?

[Carmona's counsel]: Objection, Your Honor. Asked and answered.

THE COURT: Overruled.

A. Perhaps under other circumstances.

Quasi-admissions (a party's testimonial declarations that are contrary to his position) are merely some evidence; they are not conclusive. *Campbell*, 2015 WL 1020842, at *2 (citing *Mendoza v. Fid. & Guar. Ins. Underwriters, Inc.*, 606 S.W.2d 692, 694 (Tex. 1980)). In contrast, judicial admissions are conclusive, and they "relieve[ ] the opposing party's burden of proving the admitted fact, and bar[ ] the admitting party from disputing it." *Mendoza*, 606 S.W.2d at 694. Lee does not contend that Carmona judicially admitted that he failed to use ordinary care, and we conclude that Carmona's statements regarding responsibility and ordinary care are not judicial admissions. *See id.* (setting out requirements for treating a party's testimonial quasi-admission as a judicial admission). These statements are mere quasi-admissions, and thus they are only some evidence and are not conclusive as to Carmona's negligence. *See id.* (noting that quasi-admissions are merely some evidence and are not conclusive upon the admitter, and the trier of fact determines the weight to such admissions).

Here, the jury's "no" answer to question one is not so against the great weight and preponderance of the evidence as to be clearly wrong and unjust.

*See Dow Chem. Co.*, 46 S.W.3d at 242. Although evidence exists that would support a finding that Carmona was negligent, evidence also exists that supports the jury's finding that he was not negligent. Carmona testified that he does not see well without his glasses and that he instinctively reached for them after they fell. He applied his brakes "a little bit" to keep a distance between his car and Lee's SUV and kept his eyes on the road while he reached for his glasses. But he was unable to react in time to avoid hitting Lee. He was then so disoriented by the airbag that he accidently hit the gas pedal instead of the brake, hitting Lee a second time.

With rear-end collisions, "standards of ordinary care cannot be fixed with any degree of certainty but must be left in large measure to the trier of the facts." *Benavente*, 312 S.W.3d at 749 (quoting *Neese*, 845 S.W.2d at 314). After viewing the entire record and the evidence in support of and against Carmona's negligence, we cannot say that the jury's determination that no specific act by Carmona constituted the failure to use ordinary care—that is, the failure to do, or the doing of, that which a person of ordinary prudence would or would not have done under the same or similar circumstances—was against the great weight and preponderance of the evidence. *See, e.g.*, *Vigil*, 2017 WL 2471091, at *4–5 (concluding evidence factually sufficient to support jury finding of no negligence by defendant driver in rear-end collision); *Campbell*, 2015 WL 1020842, at *4–5 (same); *Benavente*, 312 S.W.3d at 749–50 (same); *Pearson*, 99 S.W.3d at 276–77 (same). We overrule Lee's only issue.

**Conclusion**

Having overruled Lee's sole issue, we affirm the trial court's judgment.

/s/ Elizabeth Kerr
ELIZABETH KERR
JUSTICE

PANEL:  SUDDERTH, C.J.; KERR and PITTMAN, JJ.

SUDDERTH, C.J., filed a dissenting opinion.

DELIVERED:  March 8, 2018