**Lee F. LECHNER, Appellant,**

**v.**

**Sarah Bruce KELLEY, Appellee.**

**No. 552.**

Court of Civil Appeals of Texas, Tyler.

May 13, 1971.

Rehearing Denied June 10, 1971.

Ramey, Brelsford, Flock, Devereux & Hutchins, Jack W. Flock, Mike A. Hatchell, Tyler, for appellant.

Flynt & Pickett, James T. Flynt, Mineola, Winnsboro Johnson, Hathaway & Jackson, Thomas W. Hathaway, Tyler, for appellee.

MOORE, Justice.

This is a personal injury case arising out of a rear end automobile collision. Plain-

tiff, Sarah Bruce Kelley, instituted suit against defendant, Lee F. Lechner, for injuries sustained as a result of Lechner driving his vehicle into the rear end of her automobile while she was stopped in obedience to an intersection traffic signal. The cause was tried before the court and jury. In response to special issue No. 1, the jury found the plaintiff sustained injuries, but returned negative answers to all issues concerning the defendant's responsibility for the accident, to-wit:

"Special Issue No. 2:

"Do you find from a preponderance of the evidence that at the time, place and occasion in question Lee F. Lechner failed to maintain an assured clear distance between his vehicle and the vehicle driven by Sarah Bruce Kelley?"

"Special Issue No 3:

"Do you find from a preponderance of the evidence that at the time, place and occasion in question Lee F. Lechner failed to make such application of the brakes as a person using ordinary care would have made under the same or similar circumstances?"

"Special Issue No. 4:

"Do you find from a preponderance of the evidence that at the time, place and occasion in question Lee F. Lechner failed to keep such a lookout as a person using ordinary care would have kept under the same or similar circumstances?"

In connection with each of the foregoing issues, the trial court also submitted the question of negligence and proximate cause; however, since those issues were conditionally submitted, they were not answered. In response to other issues submitted, the jury exonerated plaintiff of contributory negligence and awarded her the sum of $3,300.00 for medical and hospital expense and the amount of $4,700.00 as compensatory damages.

Defendant filed a motion for judgment upon the verdict, which motion was overruled. Plaintiff filed a motion asking that the court disregard the jury's negative answers to the issues inquiring as to defend-ant's alleged negligent acts and the jury's failure to answer issues as to negligence and proximate cause in connection therewith, and prayed for judgment notwithstanding the verdict. In her motion for judgment non obstante veredicto, plaintiff alleged that the evidence was sufficient as a matter of law to establish defendant's negligent acts proximately causing the collision. The trial court granted the plaintiff's motion and entered judgment for the plaintiff in the amount of $8,000.00. Lee F. Lechner, hereinafter referred to as "appellant", perfected this appeal.

Appellant brings forward four points of error in which he asserts that the trial court erred in disregarding special issues 2, 3 and 4 and in granting plaintiff a judgment non obstante veredicto because he contends the inquiry embodied in each special issue involved disputed fact questions, and since such issues were not established as a matter of law, they were binding on the appellee. Appellant further asserts that the trial court erred in rendering judgment for appellee because the issue of negligence and proximate cause were fact issues for the jury. The question presented is whether the trial court was correct in holding that the evidence was sufficient as a matter of law to show appellant breached a duty owed appellee and was guilty of negligence proximately causing the collision.

The material facts appear to be without dispute. The accident occurred on the morning of September 8, 1969, in the City of Mineola while appellee was stopped in obedience to an intersection traffic signal. Appellee's automobile was situated in the outside lane next to the curb and was the only vehicle in said lane of traffic. Her blinker light was activated so as to indicate she intended to make a right turn. Appellant testified that he had just left the post office and was traveling in the same lane of traffic occupied by appellee. He testified that he saw the red traffic light; that the weather was clear and there was no obstruction to obscure his vision. He admitted that the front of his automobile struck the rear of appellee's automobile.

His version of the accident, taken from his testimony, is as follows:

"Q. Do you know why you collided with the rear of her car?

"A. Yes. I was driving about three or four miles an hour. And I had my foot on the brake, getting ready to stop, when I saw her car and saw the red light, but I looked down in the seat of the car at some papers I had, and when I did, why, the car rolled into her car."

\* \* \* \* \* \*

"Q. By the way, Mr. Lechner, in fairness you have told us that you were looking down at the moment you actually hit the rear of her car.

"A. Yes.

"Q. Did the impact occur while you were still looking down?

"A. Just looking up and rolled into her and I slammed on the brake then, so it didn't hit hard."

\* \* \* \* \* \*

"Q. Did you say anything to her about having the damage fixed on her car?

"A. I told her to have her car fixed and I would pay for it."

Appellee testified that she was stopped at the traffic signal and did not see the appellant's automobile prior to the collision. She further testified that as a result of the impact her automobile came to rest at a point approximately 24 steps from the point of impact. She offered evidence showing that the damages to her automobile amounted to the sum of $141.50.

Alfred Brinkley, Jr., called as a witness by appellant, testified that he observed the accident from his place of employment at a service station located across the street. He testified that immediately before the impact, the Lechner automobile came to a complete stop and then rolled forward into the appellant's automobile and bumped it.

Appellant argues that the testimony of Brinkley showing that appellant stopped before colliding with appellee, together with his own testimony that he saw the appellee and made, at least some application of his brakes, was sufficient to create disputed fact issues thereby making the jury's negative answers binding on the trial court.

■ In determining whether the foregoing evidence is sufficient to support a judgment non obstante veredicto, we are required to consider all of the evidence in the record in a light most favorable to the findings of the jury and disregard all evidence to the contrary. Le Master v. Fort Worth Transit Co. et al., 138 Tex. 512, 160 S.W.2d 224; Jara v. Thompson, 223 S.W. 2d 941, 942 (Tex.Civ.App., San Antonio, 1949, writ ref.). If there is any evidence of probative force to support the jury's findings exonerating appellant, the judgment non obstante veredicto cannot be sustained. Zachry v. McKown, 326 S.W.2d 227, 229 (Tex.Civ.App., Austin, 1959, writ ref., n. r. e.). Under Rule 301, Texas Rules of Civil Procedure, however, the trial court is authorized to disregard a jury's verdict where a directed verdict would have been proper or where the verdict is contrary to the conclusive evidence. Le Master v. Fort Worth Transit Co. et al., supra.

■ The rule in this State is as follows:

"In rare cases, to which we think this one belongs, where the evidence is without material dispute and where only one reasonable inference may be drawn therefrom, the question of negligence becomes one of law." Texas & N. O. R. Co. v. Burden, 146 Tex. 109, 203 S.W.2d 522, 528.

■ This rule simply means that if reasonable minds can differ as to the inferences and conclusions to be drawn from the undisputed evidence, then the case is one for the jury. If reasonable minds cannot differ, then an issue of law is presented. It cannot be gainsaid that one who fails to stop his automobile in response to a traffic signal, but propels the same into the rear end of an automobile which has stopped in obedience to the signal, is guilty

of negligence proximately causing injury or damage unless such conduct is excused by some extenuating circumstance or condition. Hoey v. Solt, 236 S.W.2d 244 (Tex.Civ.App., San Antonio, 1951, n. w. h.). Appellant, of course, makes no contention here that there were any extenuating circumstances excusing him from colliding with the rear of appellee's automobile.

As we view the record it is appellant's own testimony which makes the evidence conclusive on the issues of negligence and proximate cause as a matter of law. His admission that he was looking at business papers rather than in the direction he was traveling compels the conclusion that he failed to keep such a lookout as would have been maintained by a person of ordinary prudence under the same or similar circumstances proximately causing the collision.

We are also of the opinion that the evidence conclusively establishes that appellant failed to make such application of his brakes as would have been made by a person of ordinary prudence in the exercise of ordinary care and that such negligence was a proximate cause of the collision. Appellant makes no contention that his brakes failed or that it was impossible for him to have stopped his automobile. While he testified that he had his foot on the brakes, he admits that it was not until after he had rolled into appellee that he "slammed" on his brakes. These circumstances, we think, conclusively show appellant failed to make proper application of his brakes and that such failure was a proximate cause of the collision.

While the discretion or authority of the jury in determining whether appellant exercised the care of a person of ordinary prudence is admittedly extensive, it is not without limit. "This creature of the law and standard of comparison must conform to a pattern of behavior in keeping with the words used to describe him. He must be law-abiding and can not be wholly im-

prudent." Hoey v. Solt, supra; Meinen v. Mercer, 390 S.W.2d 36, 39 (Tex.Civ.App., Corpus Christi, 1965, writ ref., n. r. e.). Under the facts of this case we think the conclusion is inescapable that appellant's conduct in applying his brakes as well as his conduct in maintaining a lookout fails to measure up to standards of care that would have been exercised by an ordinarily prudent person in the exercise of ordinary care and that such negligence was a proximate cause of the collision, as a matter of law. While the facts in all reported cases naturally vary from case to case we think our conclusion is supported by the following authorities: Hoey v. Solt, supra; Meinen v. Mercer, supra; Sumners Road Boring, Inc. v. Thompson, 393 S.W.2d 690 (Tex.Civ.App., Corpus Christi, 1965, writ ref., n. r. e.); Erck v. Zelios, 401 S.W.2d 867 (Tex.Civ.App., Dallas, 1966); Jordan v. Walker, 448 S.W.2d 837 (Tex.Civ.App., Houston, 14th Dist., 1969, writ ref., n. r. e.).

Since either of the foregoing conclusions would support the judgment, it will not be necessary to go further and determine whether the evidence is also sufficient to support the judgment upon the question of whether appellant was guilty of negligence as a matter of law in following too closely.

After a careful review of the entire record, we fail to find any merit in appellant's argument that the testimony of the witness Brinkley, showing appellant stopped before he collided with appellee, was sufficient to show at least some degree of due care thus creating a fact issue and thereby precluding the entry of a judgment non obstante veredicto. The record fails to show where he stopped or how far he subsequently traveled before striking appellee. The fact that he may have brought his automobile to a complete stop at some undetermined point prior to again going forward, would not relieve him of his continuing duty to timely apply his brakes or keep a proper lookout.

The judgment of the trial court is affirmed.