**Olivia PEARSON, Appellant,**

v.

**JACOB E. DECKER & SONS et al.,
Appellees.**

**No. 829.**

Court of Civil Appeals of Texas,
Houston (14th Dist.).

March 6, 1974.

Rehearing Denied March 27, 1974.

Ralph Balasco, Balasco & Balasco, Houston, for appellant.

John H. Boswell, Mark T. Price, Boswell, O'Toole, Davis & Pickering, Houston, for appellees.

CURTISS BROWN, Justice.

This is a personal injury case arising out of a rear-end collision.

Appellant Olivia Pearson, plaintiff below, was riding as a passenger in a car driven by Dorthey Baker. They were traveling east-bound on West Alabama Street in Houston. Mrs. Baker stopped in a line of traffic at a stop light at the intersection of West Alabama and Greenbriar. She came to a stop approximately one carlength behind the car in front of her. Shortly after she had come to a full stop, her car was struck from behind by a truck driven by an employee of the defendant company. It was stipulated that the employee, also a defendant in this action, was acting within the scope of his employment at the time. Testimony showed that the weather was clear and sunny, and that there were no unusual driving conditions. The street was dry and straight. Mrs. Baker had seen the truck one-half block behind her car, and there was nothing to have prevented the truck driver from seeing the vehicular traffic ahead. There was no sound or other indication that the brakes of the truck were applied. These facts were undisputed. Perhaps the testimony of Mrs. Pearson could be disregarded as being that of an interested party, but there were no contrary facts adduced. Immediately following the collision, the driver of the truck offered his regrets and stated that he had been at fault. This stands uncontradicted in the record. The defendant driver was present in court but never denied the admission.

The case was hotly contested on the issue of damages and the nature and extent of Mrs. Pearson's claimed injuries. The case was tried to a jury, which in response to special issues found various items of damages for appellant but refused to find that the defendant driver was negligent in any respect. A take-nothing judgment was entered on the basis of this jury verdict.

Appellant bases this appeal on a number of points, but the primary ones are that the jury's refusal to find that the defendant driver was negligent was against the great weight and preponderance of the evidence. We agree. Appellant's first and fourth points are sustained. When an au-

tomobile stops for a traffic signal at an intersection without negligence on the part of its driver and is struck from behind by a following vehicle, the driver of the following vehicle ordinarily has the duty of explaining why he did not stop. Renshaw v. Countess, 289 S.W.2d 621, 624 (Tex. Civ.App.—Forth Worth 1956, no writ). A similar case to the one at bar was Lechner v. Kelley, 467 S.W.2d 652 (Tex.Civ.App.—Tyler 1971, writ ref'd n. r. e.), in which the court of civil appeals wrote:

> [O]ne who fails to stop his automobile in response to a traffic signal, but propels the same into the rear end of an automobile which has stopped in obedience to the signal, is guilty of negligence proximately causing injury or damage unless such conduct is excused by some extenuating circumstance or condition. 467 S.W.2d at 654.

The rule announced in the Lechner case was noted with approval in Gaitan v. Reyes Salvatierra, 485 S.W.2d 602, 604 (Tex.Civ.App.—San Antonio 1972, no writ). That case involved a rear-end collision on an expressway entrance ramp. The court distinguished its factual situation from one in which the lead vehicle was struck from the rear after being stopped in obedience to a traffic signal, stating that such a situation compelled a finding of negligence against the rear driver.

Defendant in this case failed to put forward any evidence to explain the collision. Furthermore, there was no evidence that it was caused by any negligence of the plaintiff. There was ample evidence by Mrs. Baker, a disinterested witness, that her stop was normal in obedience to a traffic signal, that the defendant driver was far enough behind her to have stopped, and that there were no weather conditions or other unusual conditions which would explain his failure to do so. Under these circumstances, we hold that the jury's failure to find negligence on the part of the defendant is against the great weight and preponderance of the evidence.

■ In view of our holding that the answers of the jury to the brake and lookout issues were against the great weight and overwhelming preponderance of the evidence it is unnecessary for us to consider other points raised by appellant. However, in view of the fact that a retrial will be necessary we briefly mention some matters that may arise. Appellant's complaint that the court erroneously excluded testimony as to complaints of present pain by appellant is well taken. It is elementary that complaints as to present physical pain are admissible as declarations as to bodily condition. Carrico v. Busby, 325 S.W.2d 413 (Tex.Civ.App.—Houston 1959, writ ref'd n. r. e.); 1 C. McCormick & R. Ray, Texas Evidence sec. 845 (2d ed. 1956). On the basis of the present record "unavoidable accident" was not raised and no instruction should have been given thereon. Also, the sole proximate cause issue against Mrs. Baker was not justified under the evidence and should not have been submitted. No gross negligence was shown by the evidence. The evidence would have raised negligent entrustment had course and scope of employment not been stipulated. However, there was no evidence in this record to raise any issue of *gross* negligent entrustment. Therefore, exemplary damages should not have been submitted.

Reversed and remanded.