June T. WRIGHT, et al., Appellants,

v.

**CARDOX CORPORATION, et al., Appellees.**

No. C14–86–822–CV

Court of Appeals of Texas,
Houston (14th Dist.).

July 13, 1989.
Rehearing Denied Aug. 10, 1989.

Russell H. McMains, Kimberley Hall Seger, Corpus Christi, Glenn Vickery, Gus J. Zgourides, Baytown, for appellants.

Charles W. Hurd, III, John H. Boswell, Houston, Cesare J. Galli, Jr., Friendswood, for appellees.

Before JUNELL, SEARS and CANNON, JJ.

## OPINION

SEARS, Justice.

Appellants June T. Wright, her two children, Charles Eugene Wright and Christopher Smith Wright, and her mother-in-law, Ruby Wright, appeal a judgment in a personal injury suit. On October 4, 1983, Smith Eugene Wright was driving home from work when his vehicle was broadsided by a tank truck loaded with liquid carbon dioxide. Wright died as a result of the accident, and his heirs sued appellees Wendell Bazar, the driver of the tank truck, and Cardox Corporation, its owner. The suit was tried to a jury, which found liability against both defendants in the amount of $1,242,500 (reduced by ten percent for Wright's negligence). The jury also found Bazar and Cardox liable for exemplary damages of $1,000,000 and $10,000,000, respectively. However, on defendants' motion, the trial court disregarded certain jury findings and rendered judgment that the plaintiffs take nothing on their exemplary damages claims. The Wrights appeal the judgment, as well as an order of sanctions entered against June Wright and her attorneys. We affirm both the judgment and the order of sanctions.

The primary issue in this appeal concerns the exemplary damages award. When the case went to the jury, the charge did not include an issue asking whether the conduct of either defendant constituted gross negligence or an intentional tort. Therefore, both Bazar and Cardox filed motions asking the trial court to disregard the jury's answers to Special Issues Nos. 13 and 14, the exemplary damages issues. Bazar and Cardox also urged the court to disregard the jury's answers to Special Issues Nos. 3, 4 and 5 (labeled the "negligent entrustment cluster") due to the lack of a proximate cause issue. As previously not-

ed, the trial court subsequently disregarded the answers to all five special issues.

The Wrights appeal the judgment with eight points of error, seven of which concern the disregarded issues. As those points are argued together, we will address them similarly. Essentially, the Wrights argue as follows: 1) the trial court erred in disregarding the jury's answers to Special Issues Nos. 13 and 14 (the exemplary damages issues), and in failing to render judgment for the Wrights in accordance with the verdict because those answers were supported by the evidence and were material to the verdict; 2) the trial court erred in disregarding the jury's answers to Special Issues Nos. 13 and 14, based solely on the lack of a separate submission of gross negligence, because the defendants waived any right to complain by inducing the court to reject the Wrights' separately tendered gross negligence issues and by failing to request appropriate definitions and/or instructions regarding the broad submission of their exemplary damage claims; 3) alternatively, the trial court erred in refusing to submit the Wrights' gross negligence and causation issues and accompanying instructions against Bazar and Cardox because those issues and instructions were substantially correct and were clearly raised by the evidence; and 4) the trial court erred in disregarding the jury's answers to Special Issues Nos. 3, 4 and 5 (the negligent entrustment issues) because these issues were raised, supported by the evidence and were material to the verdict.

■ Initially, we confront the problem of the lack of a gross negligence finding. Absent such a finding, a jury's award of exemplary damages is immaterial and is therefore correctly disregarded. *See Chitsey v. National Lloyds Ins. Co.,* 738 S.W.2d 641, 643–44 (Tex.1987); *Larrumbide v. Doctors Health Facilities,* 734 S.W.2d 685, 691–92 (Tex.App.—Dallas 1987, writ denied). The Wrights assert that a separate finding of gross negligence on the part of Bazar and Cardox was not required. They urge that construction of the charge as a whole would authorize rendition of judgment for the exemplary damages. The

Wrights seem to suggest that if we so construe the charge, the jury's answers to Special Issues Nos. 3, 4 and 5 would support an exemplary damage award.

■ Special Issue No. 3 asked whether "on the occasion in question Wendell Bazar was an unfit and incompetent driver?" Special Issue No. 4 asked whether "Cardox Corporation knew or in the exercise of ordinary care should have known that Wendell Bazar was an unfit and incompetent driver?" Special Issue No. 5 questioned whether "such lack of knowledge on the part of Cardox Corporation was negligence?" These issues inquired as to negligent entrustment and would support an award of actual damages. Exemplary damages, however, require a finding of *gross* negligent entrustment, which is a separate and distinct ground of recovery. *Schneider v. Esperanza Transmission Co.*, 744 S.W.2d 595, 596 (Tex.1987); *Williams v. Steves Industries, Inc.*, 699 S.W.2d 570, 572–75 (Tex.1985); *Pearson v. Jacob E. Decker & Sons*, 506 S.W.2d 941, 943 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.). As there were no issues, definitions or instructions concerning gross negligence (or gross negligent entrustment), we find no support for exemplary damages in Special Issues Nos. 3, 4 and 5. Furthermore, those issues were properly disregarded because there was no accompanying issue on proximate cause. *See Schneider v. Esperanza Transmission Co.*, 744 S.W.2d at 596–97; *Williams v. Steves Industries, Inc.*, 699 S.W.2d at 571.

■ The Wrights also assert that a separate finding of gross negligence was not required because "[t]here is no reason under the current charge practice why an entire gross negligence exemplary damage submission cannot be contained in a single issue without a separate inquiry." The "current charge practice" referred to is the broad form issue submission practice mandated by TEX.R.CIV.P. 277. However, Rule 277 also requires a trial court to "submit such instructions and definitions as shall be proper to enable the jury to render a verdict." No such instructions or definitions were made a part of Special Issues Nos. 13

and 14. The jury was simply not apprised of the standard of conduct for the imposition of exemplary damages.

■ The Wrights argue that it was the appellees' responsibility to object to the omission of an instruction or definition and to request specific ones. We note, however, that it is the duty of the one who has the burden of proof on a ground of recovery or defense to see that all essential elements of the cause of action are submitted to the jury. *Cameron County v. Velasquez*, 668 S.W.2d 776, 781 (Tex.App. —Corpus Christi 1984, writ ref'd n.r.e.); TEX.R.CIV.P. 279. As discussed above, gross negligence issues were essential to the Wrights' recovery of exemplary damages. It is clear from a review of the charge conference that appellants had ample opportunity to ensure that such issues were included in the charge.

It is interesting to note that the need for gross negligence issues was mentioned several times during the charge conference. Near its end, counsel for Cardox objected to Special Issues Nos. 13 and 14 because there was no evidence supporting the submission of that issue and because there was no issue on gross negligence. Shortly thereafter, in restating his objections to these issues, he stated, "And, there's no issue of gross negligence in the charge." At neither time did counsel for the Wrights respond. Finally, at the close of the conference, the trial court also noted the absence of an issue on gross negligence and asked how one gets to exemplary damages without it. Again, there was no response from counsel for appellants.

■ Gross negligence issues were included in the Wrights' refused special issues. However, these issues were submitted to the trial court *en masse*, along with over twenty-five other issues, in contravention of TEX.R.CIV.P. 274. Many of the issues were fairly covered in the court's charge, and some were in fact used in the charge. After reviewing the arguments and comments of counsel at the charge conference, as well as the *en masse* issues submitted by appellants, we find that no error is presented by the trial court's refus-

al to submit these specific special issues. *See Freedom Homes of Texas, Inc. v. Dickinson,* 598 S.W.2d 714, 719 (Tex.Civ.App. —Corpus Christi 1980, writ ref'd n.r.e.).

Both sides allege chicanery in the preparation of the charge, but the fact remains that the Wrights were responsible for tendering to the court, in substantially correct wording, the essential special issues to support their claim for exemplary damages. Although presented with several opportunities during the charge conference, the Wrights failed to object to the omission of gross negligence issues, to submit the issues, or to call to the court's attention their specific request for such issues in the group of issues subsequently submitted. Consequently, those issues were impliedly found against the Wrights in support of the judgment. *Bell v. Ott,* 606 S.W.2d 942, 954 (Tex.Civ.App.—Waco 1980, writ ref'd n.r.e.); Tex.R.Civ.P. 279. Points of error one through seven are overruled.

The trial court entered judgment in this case on August 4, 1986. On August 6th, the Wrights' trial counsel filed an application for a temporary restraining order and a temporary injunction to "preserve the newly discovered evidence necessary as grounds for their Motion for New Trial." The "newly discovered evidence" concerned the gear mechanism of the tractor/trailer involved in the accident. However, the application was presented not to the trial judge, but to the ancillary court judge. The order was signed without notice to Bazar and Cardox. On August 7th, Bazar and Cardox filed a motion to dissolve the temporary restraining order and for a Tex. R.Civ.P. 13 inquiry and for sanctions. They also filed a petition for a temporary restraining order and a temporary injunction ordering the Wrights to cease seeking interim or other relief in other district courts. On August 8th, the ancillary court signed an order transferring all those matters to his court. However, later that same day, the trial judge transferred them back to her court, dissolved the temporary restraining order and granted the Bazar/Cardox petition for a temporary restraining order. In addition, she set a hearing on the Rule 13 inquiry for the following week.

After the Rule 13 hearing, the court found "that the discovery which Plaintiff and her attorneys of record sought was unreasonably frivolous and groundless and amounts to a serious abuse of discovery demanding that sanctions be imposed." The court then assessed $20,000 as sanctions against June Wright and her attorneys, jointly and severally, for attorneys' fees incurred by Bazar and Cardox in defending against this abuse of discovery.

In their eighth point of error, the Wrights argue that the trial judge abused her discretion in assessing the sanctions. They assert that Rule 13 applies only to the attorneys and is no basis for the imposition of monetary sanctions against any litigant. They further contend that the sole remedy provided for violation of the rule is a contempt proceeding against the attorneys for a delay of trial.

■ The version of Rule 13 in effect at the time of the trial was not as specific in terms of sanctions as the version amended effective January 1, 1988. The new rule provides for the sanctions as imposed by the trial court. However, it is unnecessary to review the court's actions in terms of Rule 13 as the order itself was phrased in terms of *abuse of discovery.* Rule 215(3) of the Texas Rules of Civil Procedure addresses the abuse of discovery process in seeking, making or resisting discovery and allows the trial court to impose any of several sanctions. Rule 215(2)(b)(8) authorizes the assessment of attorneys' fees against a party or the attorney.

■ An appellate court may reverse a trial court for abuse of discretion only if, after searching the record, it is clear that the trial court's decision was arbitrary and unreasonable. *Simon v. York Crane & Rigging Co.,* 739 S.W.2d 793, 795 (Tex. 1987). In their motion to dissolve the temporary restraining order, Cardox and Bazar contended that the Wrights' "argument for newly discovered evidence and relief sought with respect thereto is a sham and a subterfuge concocted by plaintiffs' counsel in an effort to remove this case from this Honorable Court and transfer it into

another court in an attempt to obtain a new trial." It is difficult to read the written record of a trial and ascertain from it the motives of the parties involved. However, we are convinced that the trial court did not abuse its discretion in finding the Wrights' claims of "newly discovered evidence" to be frivolous. The "new evidence" was a speed governor on the truck. The Wrights were alerted to its existence prior to trial during Wendell Bazar's deposition, and they did not express surprise when testimony concerning the governor was introduced at trial. Point of error eight is overruled.

The judgment of the trial court is affirmed. We therefore will not address appellees' cross points.