Joe EISEN, Appellant,

v.

Shirley BARTLETT, Appellee.

No. 01–91–00212–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Jan. 9, 1992.

Rehearing Denied Jan. 30, 1992.

---

Mynde S. Eisen, Houston, for appellant.

Michael W. Cooper, Lueders & Boanerges, Houston, for appellee.

Before SAM BASS, DUNN and HUGHES, JJ.

## OPINION

HUGHES, Justice.

Joe Eisen brought suit against Shirley Bartlett alleging Bartlett's negligence caused Eisen's vehicle to be rear ended. The jury did not find that Bartlett was negligent or that Eisen was injured. The trial court rendered judgment that Eisen take nothing. We affirm.

In his first point of error, Eisen asserts the jury's refusal to find that Bartlett's negligence was the proximate cause of the collision is against the great weight and preponderance of the evidence.

In reviewing the record for factual sufficiency, this Court must examine all of the evidence, and, having considered and weighed all of the evidence, should set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex.1986).

The collision at issue here occurred at approximately 9:30 a.m. at the intersection of Westpark and the Southwest Freeway feeder road in Houston. Bartlett was approaching the intersection, travelling on Westpark, at a speed between 15 and 25 miles per hour. The light controlling the intersection was red. When she was approximately one-half block from the intersection, she saw the traffic light turn green. Believing that the traffic waiting on the light had started to move, she proceeded towards the intersection. She observed a car to her right, and being concerned of its driver's intent, she glanced over at it. When she returned her focus to the events in front of her, she discovered that the car in front of her was not moving. Bartlett engaged her brakes, but struck the rear of Ms. Jacquelyn Nguyen's car. Eisen alleges that Nguyen's car in turn struck the rear end of his car.

Unless excused by some extenuating circumstance or condition, a driver whose vehicle strikes another vehicle lawfully stopped in obedience to a traffic signal is guilty of negligence. *Pearson v. Jacob E. Decker and Sons,* 506 S.W.2d 941, 943 (Tex.Civ.App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.); *Lechner v. Kelly,* 467 S.W.2d 652, 654 (Tex.Civ.App.—Tyler 1971, writ ref'd n.r.e.).

During direct and cross-examination, Bartlett admitted that her car impacted Nguyen's car slightly. She failed to offer any excuse or explanation for doing so. Under these facts, Bartlett would be liable for Nguyen's damages. However, Bartlett is being sued for causing Nguyen's car to impact Eisen's car. Bartlett testified that she did not know if Nguyen's car impacted Eisen's car. Nguyen did not testify. Eisen testified that the collision caused some slight damage to the car he was driving.

He also testified that, as a result of the accident, he began experiencing headaches, neck pain, and occasional blurred vision. Prior to trial, Eisen had been deposed. There he was asked, "Have you ever been to the doctor or went to the hospital or treated by any other care provided for pain or problems in your neck before this accident of April 16, 1987?" Eisen responded, "No." He was asked at his deposition, "Have you ever had any doctor tell you that you had arthritis before this accident in April 1987?" Eisen responded, "No."

At trial, during cross-examination, Eisen admitted that he had not told the truth at the deposition. When asked how many times he had been to see a doctor about his neck prior to the accident, Eisen said a few times over the course of a couple of years. Eisen's medical records were then produced. The records were kept by Dr. Kassel, who is Eisen's brother-in-law and family physician.

Those records show that Eisen sought treatment for the following: December 20, 1983 (neck), August 21, 1984 (neck), October 16, 1984 (neck), October 16, 1984 (neck), February 22, 1985 (neck), September 3, 1985 (sought treatment for both neck pain and arthritis), April 1986 (neck), July 22, 1986 (neck), August 1986 (headaches), and December 4, 1986 (neck and back). Eisen admitted that the records were accurate. When asked, "Is Dr. Kassell the only doctor that you saw for neck problems before this accident?" Eisen answered, "That's true." Then Eisen was asked about a Dr. Mueller. Eisen answered, "He came after—oh, I forgot about him. I told you it slipped my mind. At my age[1], I can't remember everything. I couldn't even remember Mueller's name today."

We have merely highlighted some of the inconsistencies we found in reviewing Eisen's testimony. Eisen was the only person to testify that Nguyen's car struck his. Based on this record, his credibility is suspect at best. Therefore, it is quite likely that the jury failed to believe that he was involved in the collision at all. *See McGalliard v. Kuhlmann,* 722 S.W.2d 694, 697 (Tex.1986) (unless clear, direct, and positive, with no circumstances in the evidence tending to discredit or impeach such testimony, the uncontradicted testimony of an interested witness cannot be considered as doing more than raising an issue of fact). Eisen's point of error is overruled.

Eisen's second point of error concerns the jury's finding that Eisen did not suffer damages as a result of the accident. That point of error is overruled.

Appellant's third point of error asserts that the trial court erred in not granting

Eisen a new trial. That point of error need not be discussed.

The trial court's judgment is affirmed.

DUNN, Justice, dissenting.

I respectfully dissent.

In his first point of error, Eisen contends the jury finding that Bartlett's negligence was not the proximate cause of the rear-end collision to Eisen's car is against the great weight and preponderance of the evidence.

In reviewing a factual insufficiency point of error, an appellate court must examine all the evidence; and, having considered and weighed all of the evidence, it should set aside the verdict only if the evidence is so weak or the finding is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust. *Cain v. Bain,* 709 S.W.2d 175, 176 (Tex. 1986).

The record in this case shows that Bartlett was negligent in operating her vehicle because her vehicle impacted Nguyen's car and caused it to slide into Eisen's car, which was lawfully stopped in obedience to a traffic signal. *Pearson v. Jacob E. Decker and Sons,* 506 S.W.2d 941, 943 (Tex.Civ. App.—Houston [14th Dist.] 1974, writ ref'd n.r.e.). Bartlett offered no proof of extenuating circumstances or conditions, which would excuse her actions. *Id.* The majority agrees that Bartlett was negligent in operating her vehicle and that she offered no proof of extenuating circumstances to excuse her actions. However, the majority holds that the jury's finding was not against the great weight and preponderance of the evidence because the only evidence that Eisen's car was struck was Eisen's own testimony, which the jury could disbelieve. I disagree.

Eisen did testify that his car was struck by Nguyen's car. However, this was not the only evidence presented to show that Eisen's vehicle was struck. Although Bartlett testified that she did not see Nguyen's car hit Eisen's vehicle, she testified

---

1. Eisen was born on January 5, 1920.

that it looked like her car caused Nguyen's to bump Eisen's car.

Bartlett testified that after the accident occurred, she exchanged insurance information with Nguyen *and Eisen.* Someone told Bartlett, at the time she exchanged insurance information with Nguyen and Eisen, that Bartlett had knocked Nguyen's car into Eisen's vehicle. Bartlett testified the reason she exchanged insurance information was because someone told her that she had knocked Nguyen's car into Eisen's vehicle. Bartlett further testified that she believed, at the time of the accident, what that person told her. Bartlett testified that she had no reason to disbelieve, at the time of trial, the person's assertion that Bartlett had knocked Nguyen's car into Eisen's car.

Although the police report prepared for this accident showed only two cars involved in the collision, Bartlett testified that she forgot to tell the police officer that Eisen's car was involved in the accident. When asked if Eisen was involved in the wreck, Bartlett answered "yes." Bartlett also stated that she hit Nguyen's car hard enough to cause Nguyen's vehicle to bump Eisen's car.

Having considered and weighed all the evidence, I would hold that the jury finding that Bartlett's negligence was not the proximate cause of the rear-end collision to Eisen's car is so against the great weight and preponderance of the evidence that it is clearly wrong and unjust.

I would sustain Eisen's first point of error.

Due to the disposition of Eisen's first point of error, I do not reach the merits of Eisen's second and third points of error.

I would reverse the judgment, and remand the cause for further proceedings.